1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER MEDINA, | ) Case No. CV 13-7804-CJC (DTB) |
|                    Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
|           vs. | ) |
| PEOPLE OF THE STATE OF | ) |
| CALIFORNIA,[1] | ) |
|                   Respondent. | ) |

On October 22, 2013, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein.  The Petition purports to be directed to a 2008 conviction sustained by petitioner in Orange County Superior Court (see Pet. at ¶¶ 1-2), and includes a single ground for relief.  (See Pet. at ¶ 7(a).)

/ / /
/ / /
/ / /

---

[1]     The Court notes that petitioner has failed to name the proper respondent. The proper respondent in this matter is not the People of the State of California, but rather petitioner's immediate custodian (*i.e.* the prison warden at California Institution for Men in Chino, California.)  See Rules Governing Section 2254 Cases in the United States District Court ("Habeas Rules"), Rule 2(a).

1

1   Based on its review of the Petition, as well as information derived from the

2   California Appellate Courts website[2], it appears to the Court that the Petition is time-

3   barred.  Accordingly, on or before **December 19, 2013,** petitioner is ORDERED to

4   show cause in writing (if any he has) why the Court should not recommend that this

5   action be dismissed with prejudice on the ground of untimeliness.[3]

6

7   ## THE TIME BAR ISSUE

8   Since this action was filed after the President signed into law the Antiterrorism

9   and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is

10  subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. §

11  2244(d).  See Calderon v. United States District Court for the Central District of

12  California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997).[4]  28 U.S.C. § 2244(d)

13  provides:

14      "(1)   A 1-year period of limitation shall apply to an application

15      for a writ of habeas corpus by a person in custody pursuant to the

16      judgment of a State court.  The limitation period shall run from the latest

17      of–

18  / / /

19

20      [2]      http://appellatecases.courtinfo.ca.gov/index.html

21

22      [3]      The Ninth Circuit has held that the district court has the authority to raise
23  the statute of limitations issue *sua sponte* when untimeliness is obvious on the face
24  of the petition and to summarily dismiss a petition on that ground pursuant to Rule
25  4 of the Habeas Rules, so long as the court "provides the petitioner with adequate
    notice and an opportunity to respond."  See Nardi v. Stewart, 354 F.3d 1134, 1141
26  (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

27      [4]      Beeler was overruled on other grounds in Calderon v. United States
28  District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

2

1  (A)    the date on which the judgment became final by conclusion

2  of direct review or the expiration of the time for seeking such

3  review;

4  (B)    the date on which the impediment to filing an

5  application created by State action in violation of the Constitution

6  or laws of the United States is removed, if the applicant was

7  prevented from filing by such State action;

8  (C)    the date on which the constitutional right asserted

9  was initially recognized by the Supreme Court, if the right has

10  been newly recognized by the Supreme Court and made

11  retroactively applicable to cases on collateral review; or

12  (D)    the date on which the factual predicate of the claim

13  or claims presented could have been discovered through the

14  exercise of due diligence."

15

16  From a review of the Petition, as well as the California Appellate Courts

17  website, it appears that petitioner appealed the underlying judgment of conviction to

18  the California Court of Appeal, which subsequently affirmed the underlying judgment

19  of conviction on November 25, 2009.  It appears to the Court that petitioner failed to

20  petition the California Supreme Court for review of the Court of Appeal decision on

21  direct appeal, even although he alleges that he did so.  (California Appellate Court's

22  website; Pet. at ¶ 4.)  Under the relevant California Rules of Court, his time for filing

23  a Petition for Review lapsed 40 days after the November 25, 2009 filing of the Court

24  of Appeal decision.  See Cal. R. Ct. 8.264(b)(1) [formerly 24(b)(1)] and 8.500(e)(1)

25  [formerly 28(e)(1)].  Thus, for purposes of 28 U.S.C. § 2244(d)(1)(A), petitioner's

26  judgment of conviction "became final by conclusion of direct review or the expiration

27  of the time for seeking such review" on January 4, 2010.

28  / / /

3

From the face of the Petition, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B).  The Court notes in this regard that petitioner did not have a constitutional right to counsel for purposes of filing a Petition for Review in the California Supreme Court or a state habeas petition.  See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987) (holding that the right to counsel extends "to the first appeal of right, and no further").  Nor does it appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C) because none of the claims alleged in the Petition appears to be based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review.  Finally, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D) since it appears that petitioner was aware of the **factual** predicate of each of his claims as of the date he was convicted and sentenced.  See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Thus, unless a basis for tolling the statute existed, petitioner's last day to file his federal habeas petition was January 4, 2011.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  The instant Petition was filed on October 22, 2013, more than two and a half years after the expiration of the limitations period.

**I.**     **Petitioner is not entitled to sufficient statutory tolling to render the Petition timely.**

28 U.S.C. § 2244(d)(2) provides:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

4

judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In <u>Nino v. Galaza</u>, 183 F.3d 1003 (9th Cir. 1999), the Ninth Circuit construed the foregoing statutory tolling provision with reference to California's post-conviction procedures. The Ninth Circuit held that "the AEDPA statute of limitations is tolled for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.'"  <u>Id.</u> at 1006 (citation omitted).

In <u>Carey v. Saffold</u>, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002), the Supreme Court held that, for purposes of statutory tolling, a California petitioner's application for collateral review remains "pending" during the intervals between the time a lower state court denies the petition, and the time the petitioner files a further petition in a higher state court. However, such interval or "gap" tolling is unavailable if the petitioner unreasonably delays in seeking higher court review after a lower court petition is denied. <u>Id.</u> at 225-26; <u>see also</u> <u>Welch v. Carey</u>, 350 F.3d 1079, 1083 (9th Cir. 2003) (en banc) ("The Supreme Court made it very clear in <u>Carey v. Saffold</u> that an unreasonable delay in seeking review in the California Supreme Court from a lower court <u>on the same claim</u> deprives any application from being regarded as 'pending.'") (emphasis in original).

Here, it appears petitioner is entitled to some period of statutory tolling.  As reflected in the Petition, petitioner filed three habeas petitions in state court prior to filing the instant Petition.  Petitioner's first habeas petition was filed on July 1, 2010, in the California Supreme Court.  That petition was denied on January 26, 2011. Thus, petitioner is entitled to 209 days of statutory tolling for the period in which this petition was pending, which extended petitioner's last day to file his federal habeas petition to August 1, 2011.  However, petitioner's next two habeas petitions, submitted to the California Court of Appeal and the California Supreme Court, were

5

filed in 2013, after the expiration of the limitations period.  Therefore, petitioner would not be entitled to any statutory tolling for his second and third state habeas petitions, as they were filed approximately two years after petitioner's federal filing deadline had expired.  See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001).  Thus, while petitioner benefitted from statutory tolling of the AEDPA's one year limitations period based on his initial California Supreme Court habeas petition, this period is insufficient to render the Petition herein timely, as it was filed more than two years after the lapse of the extended limitations period.  Thus, absent equitable tolling, the Petition remains untimely.

The Supreme Court has held that the AEDPA's one-year limitation period also is subject to equitable tolling in appropriate cases.  See Holland v. Florida, - U.S. -, 130 S. Ct. 2548, 2560, 177 L. Ed. 2d 130 (2010).  However, a habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently; and (2) that "some extraordinary circumstance stood in his way."  See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also Holland, 130 S. Ct. at 2562.  The Ninth Circuit has held that the Pace standard is consistent with the Ninth Circuit's "sparing application of the doctrine of equitable tolling."  See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009).  Thus, "[t]he petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'"  See Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)).  "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."  Miranda, 292 F.3d at 1066.  Consequently, as the Ninth Circuit

has recognized, equitable tolling will be justified in few cases. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (as amended); see also Waldron-Ramsey, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'").

Here, petitioner has not purported to make the requisite showing for equitable tolling in the Petition.  The Court notes in this regard that the circumstances which can give rise to equitable tolling are quite rare, and that courts in this Circuit have held that neither limited education, nor difficulty reading and comprehending English, nor lack of legal experience or training, nor ignorance of the law, nor limited access to the prison law library constitutes an "extraordinary circumstance" entitling petitioner to any equitable tolling of the limitation period.  See, e.g., Ramirez, 571 F.3d at 998 ("Ordinary prison limitations on Ramirez's access to the law library and copier . . . were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner."); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the AEDPA limitations period); Gazzeny v. Yates, 2009 WL 294199, at *6 (C.D. Cal. Feb. 4, 2009) (noting that "[a] prisoner's illiteracy or ignorance of the law do not constitute extraordinary circumstances" for purposes of tolling of the AEDPA statute of limitations); Wilder v. Runnels, 2003 WL 22434102, at *3 (N.D. Cal. Oct. 22, 2003) ("[L]ockdowns, placement in administrative segregation/solitary confinement, and other common restrictions on access to the law library and legal assistant programs, generally do not qualify as 'extraordinary circumstances.'"); Ekenberg v. Lewis, 1999 WL 13720, at *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances."); Ciria v. Cambra,

7

1998 WL 823026, at *2-*3 (N.D. Cal. Nov. 10, 1998) (no equitable tolling where petitioner alleging limited law library access, inadequacy of available legal materials, and his limited command of the English language); Bolds v. Newland, 1997 WL 732529, at *2 (N.D. Cal. Nov. 12, 1997) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances.").

IT THEREFORE IS ORDERED that, on or before **December 19, 2013,** petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.  If petitioner intends to rely on the equitable tolling doctrine, he will need to include with his response to the Order to Show Cause a declaration under penalty of perjury stating facts showing (1) that "extraordinary circumstances" beyond petitioner's control stood in his way and were the proximate cause of his untimeliness, and (2) that he has been pursuing his rights diligently.

DATED: November 19, 2013

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

8