O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER MEDINA, | ) Case No. CV 13-7804-CJC (DTB) |
| Petitioner, | ) |
| vs. | ) ORDER SUMMARILY DISMISSING<br>) PETITION FOR WRIT OF HABEAS<br>) CORPUS |
| PEOPLE OF THE STATE OF CALIFORNIA, | ) |
| Respondent. | ) |

On October 22, 2013, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein. The Petition purports to be directed to a 2008 conviction sustained by petitioner in Ventura County Superior Court (see Pet. at ¶¶ 1-2), and raises a single ground for relief. (See Pet. at ¶ 7(a).)

Based on its initial review of the Petition, as well as information derived from the California Appellate Courts website,[1] it appeared to the Court that the Petition was time-barred. Accordingly, on November 19, 2013, the Court issued an Order to Show Cause ("OSC") ordering petitioner to show cause in writing (if any he had) as to why the Court should not recommend that this action be dismissed with prejudice on the

---

[1] http://appellatecases.courtinfo.ca.gov/index.html

1

ground of untimeliness.[2]  Petitioner failed to file a response to the OSC within the allotted time, nor did he request an extension of time within which to do so.

Upon further review, it became apparent to the Court that, in addition to being untimely, the instant Petition constitutes a second or successive petition pursuant to 28 U.S.C. § 2244(a), as petitioner previously challenged the underlying judgment of conviction in a petition for writ of habeas corpus before this Court in Case No. CV11-6139-CJC (DTB) ("Prior Petition").

## PROCEDURAL HISTORY

On October 2, 2008, petitioner was found guilty of possession of a weapon, ammunition, and narcotics, and providing false information to a police officer. (Pet. at ¶ 2(a).) Petitioner was also found to have suffered a prior strike conviction. (Id.) Petitioner was sentenced to a 12 year term in state prison.

Petitioner challenged his underlying conviction in the Prior Petition, which he filed in this Court on July 26, 2011. On August 27, 2012, Judgment was entered in CV 11-6139-CJC (DTB), dismissing that petition with prejudice. Petitioner did not file an appeal from that Judgment.

/ / /
/ / /
/ / /
/ / /

---

[2] The Supreme Court has held that the district court "is permitted, but not obliged" to consider the statute of limitations issue *sua sponte* and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Habeas Rules, so long as the court "accord[s] the parties fair notice and an opportunity to present their positions." Day v. McDonough, 547 U.S. 198, 210, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006); Wood v. Milyard, – U.S. –, 132 S. Ct. 1826, 1833, 182 L. Ed. 2d 733 (2012).

## DISCUSSION

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") which became effective on April 24, 1996. Section 2244(b) of AEDPA provides, in pertinent part, that:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

///
///
///

1 See also Rule 9 of the Rules Governing Section 2254 Cases in the United States
2 District Courts ("Before presenting a second or successive petition, the petitioner must
3 obtain an order from the appropriate court of appeals authorizing the district court to
4 consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

5 In Felker v. Turpin, the Supreme Court explained that this statute "simply
6 transfers from the district court to the court of appeals a screening function which
7 would previously have been performed by the district court[.]" 518 U.S. 651, 664,
8 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996). This provision is jurisdictional; the district
9 court cannot entertain a successive petition without prior approval from the court of
10 appeals. Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 628 (2007).
11 The district court, therefore, must either dismiss a successive petition for lack of
12 jurisdiction, or it may transfer the action, in the interest of justice, to the court where
13 the action properly could have been brought. 28 U.S.C. § 1631; Pratt v. United
14 States, 129 F.3d 54, 57 (1st Cir. 1997)

15 The Petition now pending constitutes a second and/or successive petition
16 challenging the same conviction as the Prior Petition within the meaning of 28 U.S.C.
17 § 2244(b). Thus, it was incumbent on petitioner under § 2244(b)(3)(A) to secure an
18 order from the Ninth Circuit authorizing this Court to consider the instant Petition
19 prior to its filing. Petitioner's failure to do so deprives the Court of subject matter
20 jurisdiction. See Burton, 549 U.S. at 153. No factors appear which would make it
21 preferable to transfer this case to the court of appeals, rather than dismissing it
22 forthwith.
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

For the foregoing reasons, IT IS ORDERED that this action be summarily dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:	March 18, 2014

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

_____
David T. Bristow
United States Magistrate Judge